IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § |
| *Plaintiff,* | § § |
| v. | § § **CIVIL ACTION NO. _____** § |
| **FINCH AIR CONDITIONING AND HEATING, INC.** | § § § § |
| *Defendant*. | § **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**1.** This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to afford appropriate relief to Kristal Hargett ("Ms. Hargett") and a class of other, similarly situated female employees who were adversely affected by such practices. Defendant unlawfully discriminated against Ms. Hargett and certain other female employees by subjecting them to unlawful sexual harassment and disparate treatment and different terms and conditions of employment compared with male employees. Defendant's actions resulted in Ms. Hargett's constructive discharge.

## JURISDICTION AND VENUE

**2.** Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

4. The employment practices alleged to be unlawful were committed in La Porte, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

5. Plaintiff the Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. Sections 2000e-5(f)(1) and (3).

6. At all relevant times, Defendant Finch Air Conditioning and Heating, Inc. ("Finch Air Conditioning") has continuously been a Texas corporation doing business in the State of Texas, the City of La Porte and Harris County, Texas, and has continuously had at least fifteen (15) employees. Defendant Finch Air Conditioning may be served with process by serving its owner, director and registered agent for service of process, George R. Finch, at 2212 Lomax School Rd., La Porte, Texas 77571.

7. At all relevant times, Defendant Finch Air Conditioning has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

8. Upon information and belief, Plaintiff alleges that, during the relevant time period, Defendant and other related corporate entities operated as an integrated enterprise, with an interrelation of operations, centralized control of labor relations, common management, and common ownership.

**CONCILIATION**

9. More than thirty days prior to the institution of this lawsuit, Ms. Hargett filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance by Defendant with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

10. Defendant Finch Air Conditioning is a full-service commercial and residential air conditioning and heating company with several branches throughout the Houston Metropolitan area.

11. Since at least February 2006, Defendant has engaged in unlawful employment practices at its location(s) in La Porte, Texas. These unlawful actions were in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1).

12. At all relevant times, George R. Finch ("Finch") was (and is) the owner, director and on-site manager of Defendant's location at 3802 Underwood Rd., La Porte, Texas 77571. During the relevant time period, Finch engaged in sexually harassing and verbally and physically abusive acts towards Ms. Hargett and certain other, similarly situated female employees of Defendant.

13. Ms. Hargett was employed by Defendant as a Purchaser/Parts Clerk from in or about March 2007 to on or about January 16, 2008. The illegal sexual harassment of Ms. Hargett by Finch began almost immediately after she began her employment with Defendant.

14. The acts committed by Finch against Ms. Hargett during her employment included, but is not limited to, to the following: commenting on his own sexual preferences and asking them questions about theirs, asking them to perform oral sex on him, bragging that he could satisfy them sexually better than their respective husbands or boyfriends, forcing their hands on his erect penis, and menacing and frightening them into silence about his conduct.

15. Certain other, similarly situated female employees were also subjected to sexually offensive conduct by Finch, including inappropriate groping and obscene comments

16. The acts set forth in paragraphs 14 and 15 above are representative of the harassment and discrimination inflicted by Defendant on Ms. Hargett and other female employees, and do not summarize all such harassing remarks, comments or acts in their entirety. None of the female employees subjected to the harassment, including Ms. Hargett, welcomed the harassment, which was severe and/or pervasive and altered the terms and conditions of their employment.

17. Sexual harassment of Ms. Hargett and certain other female employees by other male employees was also condoned within Defendant's workplace during the relevant time period.

18. Finch continued to engage in the illegal conduct despite opposition by Ms. Hargett and other female employees. During the relevant time period, Defendant lacked any effective sexual harassment policy or any other effective avenue for female employees to complain about the harassment. Other managers employed by Defendant, including Finch's wife and several of his adult children, were aware of the sexual harassment. None of these management employees, however, took any action to prevent or correct the harassment.

19. Due to the egregious and pervasive sexual harassment within Defendant's workplace, Ms. Hargett was ultimately forced to resign her position, resulting in her constructive discharge, in violation of Title VII.

20. Ms. Hargett and the other female employees are members of a class of employees who were subjected to an unlawful hostile work environment because of sex, as well as different terms and conditions of employment than male employees.

21. Because Ms. Hargett and other female employees were subjected to adverse employment actions, Plaintiff would show that Defendant is vicariously and strictly liable for the sexual harassment and sexually hostile work environment inflicted on these employees by Finch and other management-level employees. Defendant knew or should have known about the harassment of Ms. Hargett and other female employees by male co-workers of those employees, and thus, is liable for the sexual harassment and sexually hostile work environment inflicted by these co-workers.

22. The effect of these unlawful practices has been to deprive Ms. Hargett and other female employees of equal employment opportunities, and to otherwise adversely affect their status as employees because of their sex, female.

23. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. Hargett and other, similarly situated female employees, in violation of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in sexual harassment and sex discrimination, and any other employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who make good-faith complaints of discrimination or who otherwise oppose discriminatory conduct.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Kristal Hargett and other similarly situated female employees who were victimized by unlawful sex discrimination and harassment by providing appropriate back pay with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement where appropriate or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

E. Order Defendant to make whole Kristal Hargett and other similarly situated female employees who were victimized by unlawful sex discrimination, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-21, above, including medical expenses, the value of lost insurance benefits, and job search expenses, in an amount to be determined at trial.

F.  Order Defendant to make whole Kristal Hargett and other similarly situated female employees who were victimized by unlawful sex discrimination by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 11-21, above, including emotional pain and suffering, in an amount to be determined at trial.

G.  Order Defendant to pay Kristal Hargett and other similarly situated female employees who were victimized by unlawful sex discrimination punitive damages for their malicious and reckless conduct described in paragraphs 11-21, above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507

        /s/ Connie K. Wilhite
CONNIE K. WILHITE
Attorney-in-Charge

Texas Bar No. 00792916
Southern Dist. Of Texas No. 23624
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3390
(713) 209-3402 [facsimile]
connie.wilhite@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney

Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002